MARCUS T. HUN, RECEIVER, ETC., PLAINTIFF, v. JOHN W. SALTER, DEFENDANT.

*Additional allowance — application for, must be made to the justice who tried the case — General Rule No. 44.*

An application for an additional allowance can only be made to the justice before whom the trial was had.

MOTION, on behalf of the plaintiff, to place an appeal from an order, made in this action, upon the calendar for argument.

*Francis C. Barlow*, for the plaintiff.

*George H. Forster*, for the defendant.

DANIELS, J. :

The trial of this action took place before the Hon. James C. Smith, one of the justices of this court, then holding a Special Term in this department. Judgment has been ordered by him in favor of the plaintiff. An application was afterwards made before

another justice of this court, presiding at Chambers, for an additional allowance of costs. That was denied for the reason that the application should be made to the justice presiding at the trial, and it is from the order following that denial that the present appeal has been taken. The Code itself has not in terms provided to whom the application for the allowance shall be made, and to supply what appeared to be deficient upon this subject, rule 44 of the general rules of the court was adopted. By that rule the application for an additional allowance of costs can only be made to the court before which the trial has been had. It is not technically a motion as that term has been used in the Code, but it is an application incidental to the trial, for the purpose of completing the relief intended to be afforded to the successful party by the judgment.

The considerations which should control its disposition ordinarily arise out of and are presented by the case itself, as that may be established by the evidence. In that manner they become familiar to the justice presiding at the trial, and cannot be as well known or appreciated by another afterwards looking through the case. He and he alone must fully understand all its equities, and for that reason be much more competent than another justice of the court to determine whether an allowance should be made, and if it should be, what would be its proper amount. This is clearly the theory upon which this rule was adopted. The application to be made, should therefore have been heard and decided by the justice before whom the trial was had. It is true that in an application which was made before him, he appears to have taken a different view of this subject, but it probably was owing to the circumstance that its peculiarities were not pressed upon his consideration. After the evidence had been taken, it was within his power to reserve the cause for further consideration, and to listen to such arguments either oral or written, as might be pressed upon his consideration, and after deliberating upon them he could determine the case, although that might be done in a different portion of the State from that where the trial in fact had taken place. The consideration of the propriety of an allowance was within the clear limits of this authority. It was peculiarly an appropriate subject for his disposition, and by the terms of the rule he was the only judge of the court who could be properly applied to for the exercise of this

authority. No useful purpose, therefore, can be promoted by placing the appeal taken from the order denying the motion made at Chambers, upon the calendar of this court. The motion there was entirely unauthorized. The only mode of relief available to the plaintiff will be to bring the subject again before the learned judge who presided upon the trial, and he undoubtedly upon giving to it further reflection, and considering the mandatory terms of the rule itself, as well as the fitness of addressing it to him, will be willing to reconsider and dispose of it upon its merits. The present motion must be denied, but without prejudice to the application already suggested.

DAVIS, P. J., and BRADY, J., concurred.

Motion denied.